## HAROLD J. BOWEN ET ALS.
### *vs.*
## POLI-NEW ENGLAND THEATRES, INC.

Superior Court                 New Haven County

### MEMORANDUM FILED MARCH 29, 1943.

*Thomas R. FitzSimmons,* of New Haven, for the Plaintiffs.

*Morris W. Mendlesohn,* of New Haven, for the Defendant.

O'SULLIVAN, J. The motion involves a legal curiosity, in that it concerns the right of five members of the New Haven County Bar to restrain the further exhibition at a local theatre of a motion picture entitled "The Meanest Man in the World." Stated broadly, the petitioners' claim is that the picture is defamatory to their profession.

The picture purports to be a farce centering on the career of a country lawyer who eventually goes to New York to practice law. In the course of developing the plot, the story satirizes a class of New York lawyers, purporting to be ambulance chasers, so-called. There is, in addition to this, a small amount of dialogue reflecting on lawyers in general.

It is perfectly obvious that the scenes which tend to ridicule are employed solely to prompt laughter. There is not the slightest indication of any effort to vent spleen on anyone.

From a legal point of view, the petitioners have no standing to obtain the relief they seek. Defamatory words or scenes used broadly in respect of a general class of persons such as doctors or lawyers, give to a member of that class no right of action where there is nothing that points, directly or by innuendo, to that individual. *Louisville Times vs. Stivers,* 252 Ky. 843, 68 S.W. (2d) 411. *See, also,* annotation in 97 A.L.R. 281.

By no stretch of the imagination can one say that the picture reflects upon the standing of any of the petitioners, or, indeed, upon the bar of this county or State. Whatever ridicule the picture contains is directed towards a repulsive type alleged to exist in a neighboring jurisdiction.

Although refusing the relief they request, I must, nevertheless, commend the petitioners for their zeal in attempting to guard their honorable profession from unwarranted slurs, even though malice may not have prompted the slander. Such vigilance may tend to suggest a little more thoughtfulness on the part of motion picture producers in limiting their ridicule to those members of any class, whether legal or otherwise, who deserve such treatment. The decent members of any profession are, it seems to me, entitled to this consideration.

Under the circumstances, the motion is denied and the various papers, with this action, are certified to the Superior Court.